IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON E. MIZE )
)
v. ) NO. 3:11-0685
)
INNOCENTES SATOR )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered July 27, 2011 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending before the Court is the plaintiffs' motion for a temporary injunction (Docket Entry No. 3) to which the defendant has filed a response. See Docket Entry No. 42. Also before the Court is the plaintiff's reply. See Docket Entry Nos. 52-53. Set out below is the Court's recommendation for disposition of the plaintiff's motion.

## I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action pro se and in forma pauperis on July 15, 2011, against Dr. Innocentes Sator, a physician providing medical services to inmates at the RMSI. The plaintiff asserts that he suffers from chronic Hepatitis C and

"grade 4 stage 4" cirrhosis of the liver and is at risk for "vericeal bleeding." He contends that he has been in severe pain since February 2011, but that Defendant Sator has not provided him with an appropriate course of treatment for his pain. See Complaint (Docket Entry No. 1).

By his motion, the plaintiff requests that he be placed in the care of a non-TDOC specialist and that the TDOC be ordered to follow the directives of the specialist. See Docket Entry No. 3, at 1. In response, Defendant Sator contends that appropriate medical care is being provided to the plaintiff and that the requested injunctive relief is not warranted. See Docket Entry No. 42.[1] In his reply, the plaintiff disputes that appropriate treatment has been provided by TDOC.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiff's requests for preliminary injunctive relief, this Court must consider: (1) the plaintiff's likelihood of prevailing on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Parker v. U.S. Dep't of Agric. 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason Cnty. Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir.

---

[1] Although Defendant Sator has filed a pending motion (Docket Entry No. 39) to dismiss the action for insufficient service of process, by Order entered November 14, 2011 (Docket Entry No. 31), the Court directed Sator to file a response to the plaintiff's motion for a preliminary injunction.

1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000). As the moving party, the plaintiff has the burden of proving that the circumstances "clearly demand" a temporary restraining order ("TRO") or a preliminary injunction. Overstreet v. Lexington–Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).

At this stage of the proceedings, the plaintiff's likelihood of success on his claims is no greater than that of the defendant. The plaintiff has shown merely a possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the plaintiff.

Although the plaintiff has set forth evidence indicating that he suffers from medical conditions which can be viewed as significant, the second factor also does not substantially favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. Even though the plaintiff asserts that he is in pain and suffers from potentially life threatening conditions, he does not maintain that his life is in imminent danger or that he will suffer irreparable injury if Dr. Sator continues with his current course of treatment. The plaintiff has requested compensatory damages in this action, and if successful, the award of damages will adequately compensate him for any harm which he has suffered.

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

Further, the Court notes that absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the specific medical treatment to be provided for a prison inmate or medical care provider who is to render the treatment. Such reasons have not been shown in the request made by the plaintiff.

The plaintiff has failed to meet his burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. <u>Overstreet v. Lexington-Fayette Urban Cnty. Govt.</u>, 305 F.3d 566, 573 (6th Cir. 2002).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion for injunctive relief (Docket Entry No. 3) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                        Respectfully submitted,

                                        _____
                                        JULIET GRIFFIN
                                        United States Magistrate Judge