IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON E. MIZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-685 |
| | ) | |
| INNOCENTES SATOR, | ) | Judge Trauger |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is plaintiff Jason Mize's objection (ECF No. 61) to the Report and Recommendation ("R&R") entered by Magistrate Judge Griffin on January 30, 2012, ECF No. 56, recommending that Mize's Motion for Preliminary Injunction (ECF No. 3) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this court must consider *de novo* that part of Judge Griffin's R&R to which the plaintiff has objected. For the reasons set forth herein, the court will overrule the objection and will accept Judge Griffin's recommended disposition of the Motion for Preliminary Injunction.

**I.     BACKGROUND**

Mize is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at Riverbend Maximum Security Institution ("RMSI"). Proceeding *pro se*, Mize filed his complaint in this action in July 2011 alleging that the defendant, Dr. Inocentes Sator, has continued to act with deliberate indifference to his serious medical condition. Specifically, Mize has been diagnosed Grade 4/Stage 4 hepatits C, or cirrhosis of the liver. He alleges that he has been suffering from severe abdominal pain, which he associates with this diagnosis, since late February 2011—just after the cirrhosis diagnosis was confirmed. He alleges that Dr. Sator has refused to treat the cirrhosis or to address Mize's severe pain. Because Mize is an inmate who has filed substantially more than three lawsuits *in forma pauperis* that have been dismissed for failure to state a claim during the course of his lengthy prison term, Mize also alleges that he is in imminent danger of serious physical injury as a result of Dr. Sator's alleged deliberate indifference to his condition. After an initial screening as required by the Prison Litigation Reform Act, the court granted Mize permission to proceed *in forma pauperis* in this action, and directed that the complaint be served on the defendant. Although there

is still an unresolved issue regarding whether Dr. Sator has been effectively served with process, he has entered a conditional appearance through an attorney, and at the court's direction filed a response to Mize's motion for a preliminary injunction.

In his motion for a preliminary injunction, Mize asks the court to issue an order directing that his treatment for abdominal pain that he associates with his cirrhosis diagnosis be placed in the care of a specialist outside TDOC and that TDOC be ordered to follow said specialist's treatment plan. Mize complains that Dr. Sator has not personally examined him since he started signing up for sick call because of his pain in March 2011, and that Dr. Sator has continued to refuse to prescribe any form of pain medication for Mize other than ibuprofen. Mize insists that ibuprofen does nothing for his pain, and also asserts that ibuprofen is contra-indicated for a patient who, like him, has advanced liver disease and is therefore at risk of developing variceal bleeding. In his response to Mize's motion, Dr. Sator argues that Mize cannot meet his burden of establishing the elements necessary to show he is entitled to injunctive relief. (ECF No. 42.)

In his reply brief, Mize cites extensively to the Practice Guidelines for the Prevention and Management of Gastroesophageal Varices and Variceal Hemorrhage in Cirrhosis, issued in 2007 by the American College of Gastroenterology. As best the court can ascertain, Mize is arguing that Dr. Sator's continued prescription of ibuprofen, rather than some other pain medication, and continued refusal to send Mize to be tested for esophageal varices, amount to deliberate indifference to Mize's serious medical needs. Mize argues that because he has not been tested for varices, Dr. Sator does not know whether prescribing ibuprofen increases Mize's risk of variceal hemorrhage.

In her R&R, Judge Griffin correctly articulated the standards governing when issuance of a preliminary injunction is appropriate, and concluded that (1) the plaintiff's likelihood of success on the merits, at this stage in the proceedings, is not greater than the defendant's, as the plaintiff has shown merely the possibility of success on the merits rather than a strong or substantial likelihood of success; (2) the plaintiff's evidence indicates he suffers from a medical condition that may be viewed as significant, but he has not established that he will suffer irreparable harm if the preliminary injunction is not issued and Dr. Sator continues with the same course of treatment he has followed for the past year; (3) the plaintiff has not presented any evidence regarding the weighing of harm to others should the injunction be granted; and (4)

the plaintiff has not demonstrated that a public interest would be advanced by the requested relief. (ECF No. 56, at 3.) Judge Griffin also concluded that "absent extraordinary and urgently compelling reasons," it would not be appropriate for the court to "intervene in matters such as the specific medical treatment to be provided for a prison inmate or medical care provider who is to render the treatment," and that the plaintiff's materials did not present any such compelling reasons. (*Id.* at 4.) For all those reasons, Judge Griffin recommended that the plaintiff's motion for injunctive relief be denied.

Mize has now filed a timely objection to the R&R, but his only objection is to Judge Griffin's finding that he has not shown a strong likelihood of success on the merits.

## II.  ANALYSIS

### A.  Standard of Review

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Am. Civil Liberties Union of Ky. v. McCreary Cnty.*, 354 F.3d 438, 445 (6th Cir. 2003) (internal quotation marks and citations omitted), *aff'd*, 545 U.S. 844 (2005). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)). Notwithstanding, two factors—the likelihood of success and the question of irreparable harm—typically predominate the preliminary-injunction inquiry. *Cox v. Jackson*, 579 F. Supp. 2d 831, 853 (E.D. Mich. 2008). And, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff

to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, a plaintiff may not merely point to the existence of genuine issues of material fact but must affirmatively demonstrate his entitlement to injunctive relief.

**B.     Mize Has Not Satisfied His Burden of Establishing Entitlement to Injunctive Relief**

To prevail on his Eighth Amendment claim, Mize must ultimately prove that Dr. Sator acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both objective and subjective components. The objective component requires proof of "a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires proof "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (internal quotation marks omitted). In other words, to prevail on his Eight Amendment claim, Mize needs to show more than that he disagrees with Dr. Sator's medical judgment or even that Dr. Sator has acted negligently in his treatment of Mize's condition. *See Estelle*, 429 U.S. at 106 ("[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.").

As suggested above, it is unclear whether Mize's primary complaint is that Dr. Sator is not appropriately treating his abdominal pain, or that Dr. Sator is not appropriately treating his cirrhosis. With regard to the treatment of Mize's abdominal pain, while it is undisputed that cirrhosis is a serious medical condition, Mize has not established for purposes of his motion for preliminary injunction that his diffuse abdominal pain itself is actually related to his cirrhosis or that it is a serious medical condition, nor has he shown that Dr. Sator has acted with deliberate indifference toward his complaints. Dr. Sator has prescribed ibuprofen, and has sent Mize for a CT scan the results of which suggested that constipation, rather than liver inflammation, was the source of the pain. The record shows that Mize's prescription for lactulose was increased at some point to try to ease the problem with constipation. The hospital medical staff has informed Mize repeatedly that ibuprofen, like virtually all medications generally and non-steroidal anti-inflammatory medications specifically, is potentially damaging to the liver, but that it nonetheless poses the least risk of the

other alternatives. Mize asked for Ultram/tramadol instead, but Dr. Sator informed him tramadol is a Schedule II drug that, while non-narcotic, has an opiate-like effect; that it is appropriate only for very short-term use; and that it can aggravate a heart condition, predispose the user to high blood pressure, and can also affect the kidneys.[1] Mize has not suggested any other alternative medication that would be more effective for his pain while not at the same time being more damaging to his liver. In fact, the evidence indicates that Mize has not actually tried ibuprofen for his abdominal pain (beyond perhaps one dose in March 2011) and therefore has no basis for asserting that it is not effective. Further, Mize has not shown that taking ibuprofen would place him at increased risk for variceal bleeding. Rather, the record establishes that ibuprofen may cause stomach upset and damage to the liver, but Mize has not shown how taking ibuprofen *per se* directly increases his risk of variceal bleeding. And finally, while Mize has consistently complained of pain for the past year, he has not shown that the pain is progressive or that the failure to treat it with stronger medications is exacerbating either the pain or his underlying liver disease.

In sum, based on the evidence of record, Mize cannot establish a strong likelihood of success on the merits of his claim that Dr. Sator has acted with deliberate indifference to a serious medical need relating to Mize's complaint of abdominal pain. Further, in light of the fact that Mize's condition and complaints of pain have remained stable for the past year, it does not appear that he can establish irreparable harm resulting from the decision not to issue a preliminary injunction.

With respect to Mize's concern that Dr. Sator refuses to send him for an upper gastrointestinal endoscopy (or esophagogastroduodenoscopy ("EGD")) to screen him for esophageal varices, there is evidence to suggest that Dr. Sator's course of treatment is inconsistent with the applicable standard of care,[2]

---

[1] The court observes that information available online also suggests that tramadol is contra-indicated for persons who have ever been addicted to drugs or alcohol. *See, e.g.*, http://www.drugs.com/tramadol.html (last accessed 2/17/2012).

[2] The Federal Bureau of Prisons issued revised and updated Clinical Practice Guidelines in March 2011 for the treatment of Hepatis C and cirrhosis in the federal prison population (titled "Stepwise Approach for the Prevention and Treatment of Hepatitis C and Cirrhosis"). *See* http://www.bop.gov/news/PDFs/hepatitis_c.pdf. Dr. Sator has indicated that the Tennessee prisons basically follow FBOP treatment guidelines. In the section on Management of Cirrhosis, Preventive Measures, the FBOP has adopted a new recommendation that a baseline EGD be performed to screen for esophageal varices at the time the cirrhosis diagnosis is made. *Id.* at 17. In addition, non-selective beta-blocker therapy, such as propranolol, is recommended for the prevention of variceal hemorrhage in patients with varices, but is "not indicated for patients with cirrhosis who have no esophageal varices." *Id.* The Guidelines also make

such as might support a state-law negligence or malpractice claim (except that Mize has not alleged harm resulting from his treatment). The standard here, however, is whether Dr. Sator's treatment or lack of treatment amounts to deliberate indifference to a serious medical need, and whether Mize can establish a substantial likelihood of success on that claim and irreparable harm if his motion for preliminary injunction is not granted. Again, his condition appears to be stable, and deliberate indifference is a much higher standard than mere negligence, which does not give rise to a claim under § 1983. The court therefore concurs with Judge Griffin's conclusion that Mize has not established a strong likelihood of success on the merits and is therefore not entitled to a preliminary injunction.

### III.    CONCLUSION

Mize's only objection is to Judge Griffin's finding that he has not established a substantial likelihood of success on the merits. For the reasons set forth herein, that objection is hereby **OVERRULED**, and the court **ACCEPTS AND ADOPTS** Judge Griffin's Report & Recommendation.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

it clear, however, that "[p]roper medical practice necessitates that all cases are evaluated on an individual basis and that treatment decisions are patient-specific." *Id.* at title page.